TO BE PUBLISHED

# Supreme Court of Kentucky

## 2022-SC-0422-KB

RICHARD DAVID NULL                                                    MOVANT

V.                                IN SUPREME COURT

KENTUCKY BAR ASSOCIATION                              RESPONDENT

## OPINION AND ORDER

This Court's December 15, 2022, Opinion and Order in this matter[1] resolved eight (8) separate disciplinary actions taken against Null and imposed a one-year suspension from the practice of law with 180 days of such suspension to be served, and 185 days of the suspension being probated for two (2) years subject to certain listed conditions.

On April 26, 2023, the Kentucky Bar Association (KBA) made motion for this Court to enter a show cause order against Null for multiple violations of the conditions of his probation imposed by this Court. Specifically, the KBA alleged that Null had not: (a) refunded the $11,025 in unearned fees to his

---

[1] *Null v. Kentucky Bar Association*, 2022-SC-0422-KB, 2022 WL 19330699 (Ky. Dec. 15, 2022)

clients; (b) attended or completed the Ethics and Professionalism Enhancement Program (EPEP); (c) attended or completed the Trust Account Management Program (TAMP); (d) paid the $558.01 in costs imposed in this action; and (e) notified all current clients and courts in which he had matters pending of his suspension; each of which were ordered by this Court.

On May 19, 2023, this Court entered an Order to Show Cause directing Null to show cause why the 185-day probated portion of his one-year suspension should not be imposed for his failures to conform with this Court's prior Order as alleged by the KBA. The Order to Show Cause further directed Null to do so within ten (10) days.

As of the date of the entry of this Order, Null has filed no pleadings or documentation whatsoever in conformity with our show cause order.

In accord with the foregoing, **IT IS HEREBY ORDERED** that:

1. The 185-day suspension, previously probated, is now imposed on Richard Davis Null as a suspension from the practice of law due to his failure to show cause and his failure to comply with the terms of his probation as provided for in this Court's Opinion and Order dated December 15, 2022. This 185-day suspension is in addition to the 180- day suspension previously imposed by this Court and now constitutes a total suspension of one year, all in conformity with our December 15. 2022 Opinion and Order as modified on March 23, 2023.

2. Pursuant to SCR 3.390, Null, if he has not already done so, shall, within ten (10) days from the entry of this Order, notify all clients in writing of

his inability to represent them, and notify all courts in which he has matters pending of his suspension from the practice of law, and furnish copies of said letters of Notice to the Office of Bar Counsel.

3.  During the time of his suspension, Null shall not accept new clients or collect unearned fees.

4.  Pursuant to SCR 3.390, Null shall, to the extent possible, immediately cancel and cease any advertising activities in which he is engaged.

VanMeter, C.J.; Bisig, Conley, Lambert, Keller, and Thompson, JJ., concur.  Nickell, J., not sitting.

ENTERED:  August 24, 2023

_____
CHIEF JUSTICE